Albert Leroy **ACKERMAN**

v.

Leonard **PUTNAM**, Superintendent, Crawford County Home and Hospital, Seagertown, Pennsylvania,

and

Robert **Morrison**, Parole Officer, Baldwin Building, Erie, Pennsylvania.

Civ. A. No. 22–69.

Erie.

United States District Court
W. D. Pennsylvania.

Feb. 11, 1969.

Albert Ackerman, pro se.

Russell R. Treece, Director Western Correctional Diagnostic and Classification Center, Pittsburgh, Pa., for defendants.

## MEMORANDUM ORDER

GOURLEY, Chief Judge.

This is an action by a state prisoner under the Civil Rights Act, 42 U.S.C. Sections 1981, through 1983 and 1985(3) for damages based on alleged denials of his civil rights while paroled to the custody of Defendant Leonard Putnam, Superintendent of the Crawford County Home and Hospital, and while under the supervision of Defendant Robert Morrison, his State Parole Officer.

Petitioner claims he is now confined to a state penal institution in Pittsburgh, Pennsylvania, as a parole violator through the alleged conspiratorial actions of the defendants.

Plaintiff claims damages to his health and physical condition, impairment of his earning power and damages for his alleged illegal penal confinement.

The allegations of his complaint aver:

1. He was paroled to the Defendant Putnam, Superintendent of said County Home and Hospital.

2. He was required to do work and pursue employment that his health would not permit.

3. He was threatened with revocation of his parole if he did not perform work assigned to him and he was not paid in full for the work that was performed.

4. When he was injured, an accident report was not filed.

5. When plaintiff left his job to work as an electrician he was cited as a parole violator as was originally threatened.

6. Plaintiff has been unjustly denied of his liberty since September 26, 1968.

It is necessary for the Court to assume all allegations in the complaint to be true, and, if so, a cause of action is stated under 42 U.S.C. Section 1983, of which the District Court has jurisdiction under 28 U.S.C. Section 1343.

Since Defendant Putnam is a resident of Crawford County and Defendant Morrison is a resident of Erie County, consistent with the provisions of Rule 5 Subsection (e), this proceeding should be given an Erie civil action number.

And now, this 11 day of February, 1969, it appearing to the Court that a cause of action is set forth under the Civil Rights Act against each of the defendants, severally and jointly, the Clerk of Court is directed to file the action in forma pauperis, issue appropriate summons and have service properly executed as to each of the defendants without cost to the plaintiff.

It is further ordered that the action be given a civil action number in the Erie Division of the Court, and the action is to be assigned forthwith to an appropriate member of the Court consistent with the practices and procedures in matters of this nature.